## Ball v. Moss, et al.

(Decided March 1, 1927.)

## Appeal from McCreary Circuit Court.

1. Boundaries—Evidence Held to Establish Location of Corner of Survey.—In action to determine title, evidence held to establish disputed location of corner of survey.

2. Judgment—Validity of Proceedings in Action for Specific Performance, to which Defendants Were Not Parties Held Immaterial in Action to Determine Title.—In action to determine title to land, validity of proceedings in action to secure specific performance, to which defendants were not parties, held immaterial.

3. Judgment—In Action to Determine Title, Validity of Proceedings in Another Action Held Immaterial, Because Brought Against Persons Holding Under Another Survey.—In action to determine title to portion of survey, validity of proceedings resulting in commissioner's deed in action to compel specific performance held immaterial, where defendants therein held under a different survey.

4. Adverse Possession—Possession Under Commissioner's Deed for Less Than 10 Years Held Not to Give Title by Adverse Possession to Land Not Actually Occupied.—Possession under commissioner's deed for less than 10 years held not to give title to land not actually occupied by adverse possession.

5. Adverse Possession—Description of Land as 100 Acres Lying on Certain Creek to Conditional Line Held Not Sufficiently Definite Upon which to Claim Adverse Possession Beyond Inclosure or Visible Boundary.—Description of land in title bond as a certain parcel of land lying on M. creek in designated county, 100 acres more or less to a conditional line, held too vague upon which to claim adverse possession beyond lands actually inclosed or marked by visible monuments.

6. Adverse Possession—Clearing and Inclosure Held Not Notice of Claim Beyond Inclosure.—Clearing and inclosure of portion of land claimed adversely held not to give notice of claim beyond limits of clearing and inclosure.

L. G. CAMPBELL for appellant.

E. L. STEPHENS, J. E. STEPHENS and STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

The title of about 68 acres of land in McCreary county, Kentucky, is involved in this action which was instituted by the appellant. By his petition he alleged that he was the owner and in the possession of a tract of

land particularly described, containing 198 acres. That boundary was conveyed to him on June 27, 1917, by the master commissioner of the McCreary circuit court. Appellees, who were defendants below, claim title under the H. H. Moss 950 acre patent granted by the commonwealth under a survey made March 1, 1853. The interference between the two tracts of land which defines the dispute between the parties contains about 68 acres. The record herein establishes a complete and perfect chain of title in appellees from the grant by the commonwealth to H. H. Moss through mesne conveyances to them for that portion of the 950 acre survey embracing the land in controversy, and the chancellor adjudged that when properly located that survey embraces the land in dispute. Consideration of the evidence herein discloses no reason for disturbing the judgment in that particular. All of the surveyors, including the one who testified for appellant, are agreed that the H. H. Moss 950 acre survey is properly located as appellees contend and as the chancellor adjudged. The testimony offered for appellant tending to establish the location of the eleventh corner of the survey, where a black oak is called for, at a point approximately 40 poles from the location of that corner, contended for by appellees and adjudged by the chancellor, appears to be wholly insufficient to overcome the testimony of all the surveyors and the other evidence that its location as adjudged is correct.

The chancellor adjudged that a portion of the 950 acre survey under which appellees claim and to which they manifested their right by superior record title had been acquired by appellant by adverse possession, and the portion so adjudged to him was confined to that which he and those under whom he claims have cleared and inclosed. It is earnestly insisted for appellant that the judgment of the chancellor was erroneous in that it failed to adjudge to him all of the disputed land, upon the theory that his possession of the portion adjudged to him, under the rule obtaining in this jurisdiction, was sufficient to extend his possession to his well defined and well marked boundary, including all of the land in controversy. Hence, he insists that the chancellor erred in not adjudging him to be the owner of all of the land in controversy.

On March 7, 1853, there was surveyed for Allen Marler 100 acres of land in what was then Whitley county, Kentucky. The description of the first two lines

of that survey reads: "Beginning at a black oak; thence north 84 west 66 poles to a black oak corner of H. H. Moss; thence with his line south 55 west 148 poles to a white oak, his corner." The lines of the survey then left the Moss survey and the remainder of the description is immaterial. It will be observed that the black oak corner at the end of the first line of this survey is said to be one of the corners of the H. H. Moss survey, and the following line runs with a line of the latter survey. This survey was made just seven days after the H. H. Moss 950 acre survey was made, reference to the field notes of which discloses that the black oak corner to which the Marler survey ran is the eleventh corner of the Moss 950 acre survey; and the second line of the Marler survey corresponds exactly in course and distance with the twelfth line of the Moss 950 acre survey; and both surveys call for the same timber, a white oak, as the corner to which the second line of the one and the twelfth line of the other run. There was surveyed for the same Allen Marler on the same day a 200 acre tract of land which adjoins the 100 acre tract just referred to. It is conceded that neither of the Marler surveys was ever carried to patent; at least, that this record does not establish that fact. On September 12, 1862, Allen Marler executed and delivered to Christopher Cox, Sr., the following writing:

"KNOW ALL MEN BY THESE PRESENTS: That I, Allen Marler, do this day covennant and agree to sell a certain parcel of land lying on Marsh creek in said county one hundred acres, more or less, to a conditional line. The said Marler do agree to make a good deed to Christopher Cox, Sr., he therefore binds himself his heirs and assigns to make a good deed to the said Cox under the penalty of one hundred dollars to him in hand paid to which I set my hand and seal this 12th day of September 1862."

Numerous assignments of it appear to have been endorsed on it, and appellant eventually became its owner by assignment. After acquiring it appellant, Ball, appears to have instituted action in the Whitley circuit court against the heirs at law of Allen Marler for specific performance, and the commissioner's deed which conveyed to him 198 acres of land under a boundary describing its various lines and corners with accuracy was made

pursuant to judgment rendered in that action. It seems wholly unnecessary to determine in this action whether the steps taken in the former which resulted in the commissioner's deed to appellant were sufficiently regular to render that deed a valid conveyance. Appellees were not parties to that action and do not claim under the Marler surveys. The description of the tract of land conveyed by that deed to appellant includes the land in controversy in this action. It, however, was not made and recorded until 1917. If appellant's entry and possession within the interference between the boundary of that deed and the boundary of the 950 acre survey be assumed to be sufficient to have extended his possession to the extent of his well defined boundary as defined in the deed, such possession had not continued long enough before this action was instituted to ripen into title. The deed was not made until 1917.

It will be observed that the title bond above quoted, if it may be so designated, contains no description of any character sufficient to put anyone on notice as to the boundary claimed by the grantee therein; and the court encounters no difficulty in concluding that the description therein given does not constitute a well defined boundary within the color of title rule. Until the deed of 1917 was delivered to him appellant at no time was in possession under any evidence of title that could be regarded as color of title containing a description of the land claimed by him thereunder that could be held to be a well defined boundary. Hence, appellant's claim to title by adverse possession founded upon entry and possession within the lap or interference under color of title extending such possession to his well defined boundary must fail.

The land in dispute herein all lies west of Marsh creek, which flows through the 950 acre Moss patent. There is a total failure of proof that the boundary lines to which he claims the land in dispute west of that creek are denoted by marked objects standing or being in the lines or at the corners. The record herein establishes—and there is no evidence to the contrary—that at the time the clearing and inclosure of the portion of the 950 acre Moss tract west of Marsh creek was made by appellant and those under whom he claims he was not in possession under a deed or other muniment of title, as color of title, containing a description of the land claimed by him which may be held to be a well-defined boundary. Neither

were the boundary lines to which he asserts he has claimed so marked by objects and monuments as to indicate the extent of his claim to ownership so that we may hold that he was claiming to a well marked boundary. His clearing and inclosure of the portion of the land in dispute was not sufficient under the facts here appearing to give notice that he was claiming beyond the confines of the boundary which he so cleared and inclosed and took into his actual possession. For these reasons the contention of appellant that the trial court erred in not adjudging him to be the owner of all of the land in dispute herein can not be sustained.

No cross-appeal has been prosecuted from the judgment entered below in favor of appellant for that portion of the land in dispute adjudged to have been in the actual, adverse possession of appellant under his clearing, inclosure and cultivation, and hence the correctness of the judgment to that extent is not before us. The evidence establishes beyond question that the chancellor was entirely correct in dismissing appellant's petition in so far as it sought to have it adjudged that he was the owner of the lands in dispute outside of and beyond the portion which he had reduced to his actual possession by clearing, inclosures and cultivation. The judgment, therefore, will be affirmed.

Judgment affirmed.